# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CATHY KUHARCIK,

  Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC., EQUIFAX
INFORMATION SERVICES, LLC,
TRANS UNION LLC and FIFTH
THIRD BANK,

  Defendants.

_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CATHY KUHARCIK (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), EQUIFAX INFORMATION SERVICES, LLC (hereinafter "Equifax"), TRANS UNION LLC (hereinafter "Trans Union"), and FIFTH THIRD BANK (hereinafter "Fifth Third") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. Today in America there are three major consumer reporting agencies: Equifax, Trans Union, and Experian.

1

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities like Fifth Third, particularly where a consumer makes a dispute about information reported.

4. When a consumer, like Plaintiff, disputes information through the agencies, those disputes are transmitted to the party furnishing the information, here Fifth Third. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION**

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681 (p) and 28 U.S.C. 1367.

7. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this District.

8. The Plaintiff is a natural person and resident of Volusia County, within the State of Florida. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. Experian is a corporation headquartered in the State of California, authorized to do business in the State of Florida through its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

10. Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Experian disburses such consumer reports to third parties under contract for monetary compensation.

12. Equifax is a corporation headquartered in the State of Georgia, authorized to conduct business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida, 32301.

13. Equifax is a "consumer reporting agency," as defined in 15 USC § 1681(f). is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

14. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

15. Trans Union is a corporation headquartered in the State of Illinois, authorized to conduct business in the State of Florida through its registered agent, The Prentice-Hall Corporation System, Inc., located at 1201 Hays Street, Tallahassee, Florida, 32301.

16. Trans Union is a "consumer reporting agency," as defined in 15 USC § 1681(f). is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

17. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

18. Fifth Third is a financial banking institution headquartered in Cincinnati, Ohio with its principal place of business located at 38 Fountain Square Plaza, Cincinnati, Ohio 45263, authorized to conduct business in the State of Florida through its registered agent, Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida 32301.

**FACTUAL ALLEGATIONS**

19. Plaintiff is a natural person who is alleged to owe a debt to Fifth Third.

20. In or about February of 2019, Plaintiff reviewed her credit score and found her credit score had decreased significantly.

21. In or about February of 2019, Plaintiff reviewed copies of her credit reports with Experian, Equifax, and Trans Union which indicated an account with Fifth Third was delinquent and unpaid.

22. The balance of the account had in fact been paid by Plaintiff and her husband with two separate payments from a joint account held with Bank of America. The first payment was made on March 22nd, 2016 for the amount of two-thousand seven hundred dollars ($2,700.00) from their Bank of America account. The second payment was made on April 5th, 2016 for the amount of three-thousand six hundred dollars ($3,600.00) totaling six-thousand three hundred dollars ($6,300.00) in payments made to Fifth Third.

23. Plaintiff and Plaintiff's husband contacted Fifth Third to remedy the error, making numerous disputes and complying with all requests of Fifth Third from February of 2019 to July of 2019 to provide exculpatory documents.

24. On June 14th, 2019, Fifth Third sent a letter to Plaintiff in regards to her dispute of the amount owed and the payments made not being reflected on the Fifth Third account. The letter requested for Plaintiff to submit proof of payment to an address listed within the letter.

25. In response, Bank of America sent two letters directly to Fifth Third verifying the two payments made by client with trace, remittance, routing, account numbers, the payment dates, and amounts paid. The account was therefore satisfied and Plaintiff should have owed no more money.

26. Despite making these attempts to remedy the situation directly and complying with all the requests of Fifth Third, Fifth Third inexplicably did not update the account to reflect the payments being made.

27. When Plaintiff and Plaintiff's husband contacted Fifth Third to determine the result of the documentation submitted to Fifth Third, Plaintiff and Plaintiff's husband were informed the address listed in the letter sent by Fifth Third was not the correct address to submit the requested proof of payment.

28. On October 29, 2019, Plaintiff submitted detailed disputes to all three credit reporting agencies in an attempt to have them investigate and resolve the issue on her credit reports.

29. Each of these disputes clearly contained Plaintiff's Social Security number, Florida Driver's License number, phone number, address, and date of birth within the body of the dispute letter.

30. Within these disputes, Plaintiff included excerpts of the bank statements from Bank of America which demonstrated their payment of the balance on the account. It should have been obvious to Equifax, Trans Union, and Experian that the account was paid in full.

31. On November 11, 2019, Experian responded to Plaintiff's dispute stating, "We were unable to honor your recent request because you did not provide sufficient or legible identification information for us to verify your identity." It is worth noting that the dispute letters were three (3) pages long and typed.

32. Experian failed to investigate Plaintiff's dispute despite having been provided sufficient identifying information within the body of the dispute letter to allow for an appropriate investigation and for identity verification.

33. On November 7, 2019, Equifax responded to Plaintiff's dispute indicating that "We received your request concerning your Equifax credit file. We are unable to locate a credit file for one of the following reasons: You may not have a current file, You have not applied credit recently, You have not actively used credit in the past ten years." None of such statements were true since Equifax had provided a credit report to Plaintiff on August 22, 2019. Moreover, Plaintiff provided within her letter her Social Security number, Florida Driver's License number, phone number, address, and date of birth.

34. In their response, Equifax inexplicably misspelled Plaintiff's name as "Kathy Kuharick" despite Plaintiff's name was clearly spelled correctly as seen above, further delaying the proper investigation of Plaintiff's dispute and resolution of an account balance that had clearly been proved to have been paid, exacerbating the damages already inflicted

35. On November 20, 2019, Trans Union responded to Plaintiff's dispute by verifying the inaccurate account and updating the account information reporting the account as "charged off" with a balance updated from $6,492.00 to $6,152.00.

36. Plaintiff believes Trans Union submitted her dispute to Fifth Third for investigation. Despite Plaintiff having provided the necessary documentation to show the account had been paid, Fifth Third verified the account as being delinquent and charged off.

37. On December 2, 2019, Plaintiff sent second dispute letters to Experian and Equifax through Certified Mail.

38. The Experian dispute letter was four (4) typed pages clearly explaining the inaccurate information. Plaintiff included additional photos of Plaintiff's identifying documents, e.g. Insurance statement, Florida Driver's License, and Social Security Card.

39. On January 2, 2020, Experian responded to Plaintiff's dispute by verifying the account and reporting it as charged off balance of $5,898.00 and updated the past due amount of $5,982.00 as of January 2020.

40. Plaintiff believes Experian submitted her dispute to Fifth Third for investigation. Despite Plaintiff having provided the necessary documentation to show the account had been paid and having communicated directly on several occasions with representatives of Fifth Third Bank, Fifth Third verified the account as being delinquent and charged off.

41. On December 30, 2019, Equifax responded to Plaintiff's second dispute by verifying the inaccurate account and updating the past due balance from $6,492.00 to $6,067.00 and a charge-off amount of $5,989.00.

42. The Equifax dispute letter sent on December 2, 2019 was identical to the dispute letter sent on October 29, 2019. Although providing the same amount of information as the initial dispute where Equifax was unable to find her file for the initial dispute, Equifax was now able to find Plaintiff's credit report with the same information provided.

43. Plaintiff believes Equifax submitted her dispute to Fifth Third for investigation. Despite Plaintiff having provided the necessary documentation to show the account had been paid, Fifth Third verified the account as being delinquent and charged off.

44. Experian, Equifax, and Trans Union are keeping the erroneous balance of this account on Plaintiff's credit report despite being notified that Plaintiff had in fact paid the account in full as of April of 2016.

45. As early as February of 2019, Fifth Third knew, or should have known, that Plaintiff had paid the account in full yet continued to verify the inaccurate information to Experian, Equifax, and Trans Union.

46. To date, Experian, Equifax, and Trans Union have failed to report the proper information on Plaintiff's credit report despite having been given ample notice of its error.

47. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Stress associated with the decrease in credit limit on credit cards; at least one credit card has significantly reduced her credit limit;

    ii. Delay in applying for personal loans for appliances and auto loans due to fear of denials from Plaintiff's lowered credit score;

    iii. Delay and prevention of selling Plaintiff's current home and purchasing a new residence due to the lowered credit score;

    iv. Monies lost by attempting to fix her credit;

    v. Loss of time attempting to cure the error;

    vi. Mental anguish, stress, aggravation, and other related impairments to the enjoyment of life.

48. All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION

### COUNT I
### (Violation of the FCRA - As to Experian)

49. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully set out herein.

50. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

51. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by stress associated with a reduction in available credit and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit reduction.

52. Both Plaintiff and Bank of America provided transaction records to indicate Plaintiff paid the balance of the account in full which should have triggered a procedure to independently evaluate the dispute, yet Experian failed to research the dispute by Plaintiff.

53. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Experian was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

54. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of the FCRA - As to Experian)

55. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully set out herein.

56. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

57. Experian's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Experian was negligent, Plaintiff is entitled to recover under 15 USC § 1681o. Experian took no independent action to investigate the dispute.

58. Both Plaintiff and Bank of America provided Experian, on multiple individual occasions, proof that the account full balance had been satisfied by two separate payments made by Plaintiff from their Bank of America account to Fifth Third.

59. Experian failed to investigate on the first dispute by Plaintiff despite Plaintiff providing all the necessary information. Experian chose to ignore all the information provided in the second dispute and rely solely on the information provided by Fifth Third. No independent investigation was conducted by Experian despite having Bank of America, another "trusted" furnisher; provide information of payment in full.

60. Equifax chose to ignore this information and simply parroted the information provided by Fifth Third.

61. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE** the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; for her attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
### (Violation of the FCRA - As to Equifax)

62. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully set out herein.

63. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

64. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by stress associated with a reduction in available credit and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

65. Both Plaintiff and Bank of America provided transaction records to indicate Plaintiff paid the balance of the account in full which should have triggered a procedure to independently evaluate the dispute, yet Equifax failed to research the dispute by Plaintiff.

66. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Equifax was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

67. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EQUIFAX INFORMATION SOLUTIONS, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT IV
**(Violation of the FCRA - As to Equifax)**

68. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully set out herein.

69. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

70. Equifax's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Equifax was negligent, Plaintiff is entitled to recover under 15 USC § 1681o. Equifax took no independent action to investigate the dispute. Equifax inexplicably failed to investigate Plaintiff's first dispute despite having all the necessary information. It followed on their response by misspelling Plaintiff's name demonstrating how little effort was employed to respond to the dispute.

71. Regarding the second dispute letter, no independent investigation was conducted by Equifax despite having Bank of America, another "trusted" furnisher provide information of payment in full. Equifax took no efforts to contact Bank of America or the Plaintiff for any needed information.

72. Both Plaintiff and Bank of America provided Equifax, on multiple individual occasions, proof that the account full balance had been satisfied by two separate payments made by Plaintiff from their Bank of America account to Fifth Third.

73. Equifax chose to ignore this information and simply parroted the information provided by Fifth Third.

74. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE** the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, EQUIFAX INFORMATION SOLUTIONS, LLC, jointly and severally; for her attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT V
**(Violation of the FCRA - As to Trans Union)**

75. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully set out herein.

76. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

77. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by stress associated with a reduction in available credit and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

78. Both Plaintiff and Bank of America provided transaction records to indicate Plaintiff paid the balance of the account in full which should have triggered a procedure to independently evaluate the dispute, yet Trans Union failed to research the dispute by Plaintiff.

79. Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Trans Union was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

80. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TRANS UNION LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT VI
**(Violation of the FCRA - As to Trans Union)**

81. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully set out herein.

82. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

83. Trans Union's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Trans Union was negligent, Plaintiff is entitled to recover under 15 USC § 1681o. Trans Union took no independent action to investigate the dispute.

84. Both Plaintiff and Bank of America provided Trans Union, on multiple individual occasions, proof that the account full balance had been satisfied by two separate payments made by Plaintiff from their Bank of America account to Fifth Third.

85. Trans Union chose to ignore this information and simply parroted the information provided by Fifth Third.

86. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE** the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; for her attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT VII
**(Violation of the FCRA - As to Fifth Third)**

87. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-eight (48) above as if fully set out herein.

88. Fifth Third published erroneous representations to Experian and, through Experian, to all of Plaintiff's potential lenders on multiple occasions.

89. Fifth Third violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of Fifth Third's representation; by failing to review all relevant information regarding same; by failing to accurately respond to Experian, Equifax, and Trans Union; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Fifth Third representations to the consumer reporting agencies.

90. Fifth Third violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian, Equifax, and Trans Union after Fifth Third had been notified that the information was inaccurate. Plaintiff communicated with repeatedly with Fifth Third bank disputing this debt.

91. Fifth Third did not have any reasonable basis to believe that the Plaintiff had not paid the balance of the account. It also had substantial evidence from multiple independent parties to have verified that the Plaintiff was not delinquent. Fifth Third knowingly chose to follow procedures which did not review, confirm, verify payment history, or account details for the debt in question. Further, even if Fifth Third would attempt to plead ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party. Plaintiff repeatedly communicated with Fifth Third and provided payment histories demonstrating she did not owe this debt.

92. Fifth Third's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, if Fifth Third was negligent, Plaintiff is entitled to recover actual damages under 15 U.S.C. § 1681o.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, FIFTH THIRD BANK, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

Respectfully submitted,

*/s/ Octavio "Tav" Gomez*
Octavio "Tav" Gomez, Esquire
Florida Bar No.: 0338620
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4797
Primary Email: TGomez@ForThePeople.com
Secondary Email: LDobbins@ForThePeople.com
*Attorney for Plaintiff*